

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALBERT MARTIN GOMEZ, SR., | § | |
| INDIVIDUALLY AND AS THE | § | |
| ADMINISTRATOR OF THE ESTATE | § | |
| OF ALBERT GOMEZ, JR., AND | § | |
| SANDRA GOMEZ, | § | |
| *Plaintiffs* | § | |
| | § | |
| V. | § | Civil Action No. $\underline{\text{5:11-CV-210}}$ |
| | § | |
| THE GEO GROUP, INC., and JANE | § | |
| DOE 1, | § | |
| *Defendants* | § | |

## NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES THE GEO GROUP, INC. (GEO), a Defendant in the above styled and numbered cause, and files this its Notice of Removal.   Defendant respectfully shows the following:

1.      On February 15, 2011, GEO was served with Citation and Plaintiffs' Original Petition in the above-captioned cause of action filed by Plaintiffs in the 285th Judicial District Court, Bexar County, Texas (Civil Action No. 2011-CI-02116).

2.      Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process, orders and pleadings served upon GEO in the removed case which was filed in the 285th Judicial District Court, Bexar County, Texas. (Exhibit A).  Also attached is a copy of the Answer filed by GEO.

3.      This notice of removal is timely under 28 U.S.C. § 1446(b) because the removal is within thirty (30) days after GEO first received a copy of a paper from which it could first ascertain that the case is one which is or has become removable.

### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALBERT MARTIN GOMEZ, SR.,** | § | |
| **INDIVIDUALLY AND AS THE** | § | |
| **ADMINISTRATOR OF THE ESTATE** | § | |
| **OF ALBERT GOMEZ, JR., AND** | § | |
| **SANDRA GOMEZ,** | § | |
|    *Plaintiffs* | § | |
| | § | |
| **V.** | § | **Civil Action No. _____** |
| | § | |
| **THE GEO GROUP, INC., and JANE** | § | |
| **DOE 1,** | § | |
|    *Defendants* | § | |

### NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES THE GEO GROUP, INC. (GEO), a Defendant in the above styled and numbered cause, and files this its Notice of Removal. Defendant respectfully shows the following:

1.      On February 15, 2011, GEO was served with Citation and Plaintiffs' Original Petition in the above-captioned cause of action filed by Plaintiffs in the 285th Judicial District Court, Bexar County, Texas (Civil Action No. 2011-CI-02116).

2.      Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process, orders and pleadings served upon GEO in the removed case which was filed in the 285th Judicial District Court, Bexar County, Texas. (Exhibit A). Also attached is a copy of the Answer filed by GEO.

3.      This notice of removal is timely under 28 U.S.C. § 1446(b) because the removal is within thirty (30) days after GEO first received a copy of a paper from which it could first ascertain that the case is one which is or has become removable.

4.       The district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties, in that GEO is now, and was at the time the action was commenced, diverse in citizenship from every plaintiff.  Plaintiffs are, and were at the time the suit was commenced, a citizen or agency of the State of Texas.  GEO is, and was at the time the suit was commenced, a citizen of the State of Florida. *See J.A. Olson Co. v. City of Winona, Mississippi*, 818 F.2d 401, 404 (5th Cir.1987).  The presence of a *Jane Doe* Defendant does not defeat diversity jurisdiction. 28 U.S.C. § 1441(a).  Plaintiffs' petition, attached, asserts a claim against GEO for the wrongful death of Albert Gomez, Jr. for unspecified damages, in excess of $75,000.00, exclusive of interest and costs; therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b) is also present in that Plaintiffs allege negligence *per se* based upon alleged violations of federal penal statutes.

6.       Pursuant to 28 U.S.C. § 1446(d), GEO intends to serve written notice of this removal upon all interested parties and upon the state court promptly after filing this Notice of Removal.

7.       No other Defendants have been served; consent to the removal of this case is inapplicable.

8.       Venue is proper in the Western District of Texas because the state court in which the lawsuit was filed is located in the district. 28 U.S.C. § 1441.

DATED: March 15, 2011.

Respectfully Submitted,

_____
SHAWN FITZPATRICK
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283
(210) 408-6793 / (210) 408-6797 fax
State Bar No. 00787474
*ATTORNEY FOR DEFENDANT*
*THE GEO GROUP, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served to the following interested person(s) on March 15, 2011 via the CM/ECF electronic filing and notice system of the United States District Court for the Western District of Texas:

| | |
|---|---|
| Matthew F. Wymer<br>Law Office of Matthew F. Wymer, PLLC<br>115 W. El Prado Dr., Ste. 5<br>San Antonio, Texas 78212 | |
| Joel Perez<br>206 East Locust Street<br>San Antonio, Texas 78212 | |
| | _____<br>SHAWN FITZPATRICK |

# Exhibit A

**CORPORATE CREATIONS**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

February 16, 2011

The GEO Group, Inc.
John Bulfin Senior VP & General Counsel
The GEO Group, Inc.
621 N.W. 53 Street, Suite 700
BOCA RATON FL 33487

# SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received.

**Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.**

Item: 2011-50

| | | |
|---|---|---|
| 1. | **Client Entity:** | The GEO Group, Inc. |
| 2. | **Title of Action:** | Albert M. Gomez Sr. et al. vs. The GEO Group |
| 3. | **Document(s) Served:** | Notice |
| | | Plaintiff's Original Petition Request for Disclosure and Jury Demand |
| 4. | **Court/Agency:** | Bexar County 285 Judicial District Court |
| 5. | **State Served:** | Texas |
| 6. | **Case Number:** | 2011 CI 02116 |
| 7. | **Case Type:** | Negligence |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Tuesday 2/15/2011 |
| 10. | **Date to Client:** | Wednesday 2/16/2011 |

| 11. **# Days When Answer Due:** 20 | **CAUTION:** Client is solely responsible for reviewing service of process to verify accuracy of Answer Due Date. |
|---|---|
| **Answer Due Date:** 03/07/11 | |

| 12. | **SOP Sender:** | Matthew F. Wymer |
|---|---|---|
| | (Name, City and Phone Number) | San Antonio, TX |
| | | 210-852-2121 |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Notes:** | None. |

This notice is provided for general information purposes only and should not be considered a legal opinion. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

CERTIFIED MAIL #7160390198463555 1063

"The State of Texas"                    NO. 2011-CI-02116

2011CI02116 -S00001

ALBERT M GOMEZ SR ET AL
Plaintiff
vs.

THE GEO GROUP INC ET AL
Defendant
( Note: Attached Document May Contain Additional Litigants. )

IN THE DISTRICT COURT

285th JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**NOTICE**

**Citation** Directed to: THE GEO GROUP INC

BY SERVING ITS REGISTERED AGENT, CORPORATE CREATIONS NETWORK INC
4265 SAN FELIPE 31100
HOUSTON TX 77027-2920

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the _9th_ day of _February_ , _2011_ .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS _10th_ DAY OF _February_ A.D., _2011_ .

PLAINTIFF'S ORIGINAL PETITION
REQUEST FOR DISCLOSURE AND JURY DEMAND

MATTHEW FISHER WYMER
Attorney/PLAINTIFF
address
7718 BROADWAY ST
SAN ANTONIO, TX 78209-3243

**DONNA KAY MCKINNEY**
District Clerk of Bexar County, Texas

By: _____ **Deputy**
RAY ARREDONDO

---

OFFICER'S RETURN

Came to hand on the _10th_ day of _February_ , A.D., _2011_ at _4:24_ o'clock _P_ .M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ , A.D., _____ , by delivering to _____ a true copy of this __citation__ , upon which I endorsed the date of delivery, together with the accompanying copy of the _PLAINTIFF'S ORIGINAL PETITION_ _____ REQUEST FOR DISCLOSURE AND JURY DEMAND _____

_____ .

Cause of failure to execute this _____ is _____ .

**DONNA KAY MCKINNEY**
Clerk of the District Courts of
Bexar County, Texas

By _____ Deputy
RAY ARREDONDO

ORIGINAL
(DK003)

C 1 + cr^L
J b

Filed
11 February 9 P3:04
Donna Kay McKinney
District Clerk
Bexar District
Accepted by:
Jennifer Contreras

CAUSE NO. 2011 CI 02116

| | | |
|---|---|---|
| ALBERT MARTIN GOMEZ, SR., INDIVIDUALLY AND AS THE ADMINISTRATOR OF THE ESTATE OF ALBERT MARTIN GOMEZ, JR., AND SANDRA GOMEZ, Plaintiffs, | § § § § § § | IN THE DISTRICT COURT |
| vs. | § § § | 215 JUDICIAL DISTRICT |
| THE GEO GROUP, INC., AND JANE DOE 1, Defendants. | § § § § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND

TO THE HONORABLE JUDGE AND JURY OF THIS COURT:

COME NOW Plaintiffs ALBERT MARTIN GOMEZ, SR., INDIVIDUALLY AND AS THE ADMINISTRATOR OF THE ESTATE OF ALBERT MARTIN GOMEZ, JR., AND SANDRA GOMEZ, complaining of Defendants, THE GEO GROUP, INC., and JANE DOE 1, and for cause of action would show unto the Court and jury the following

### I.   Discovery-Control Plan

1.   Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### II.   Parties

2.   Plaintiff, ALBERT MARTIN GOMEZ, SR., is the surviving father of ALBERT MARTIN GOMEZ, JR., deceased, and resides in Bexar County, Texas. ALBERT MARTIN GOMEZ, SR. brings this survival action in his individual capacity and also as the ADMINISTRATOR OF THE ESTATE OF ALBERT MARTIN GOMEZ, JR. In accordance with §30.014(a) of the Texas Civil Practice and Remedies Code, Plaintiff provides the following

identification information: the last three numbers of his Texas Driver's License number are 910 and the last three numbers of his Social Security Number are 653.

3.      Plaintiff, SANDRA GOMEZ, is the surviving mother of ALBERT MARTIN GOMEZ, JR., deceased, and resides in Bexar County, Texas. SANDRA GOMEZ brings this suit in her individual capacity, Plaintiff is an heir to THE ESTATE OF ALBERT MARTIN GOMEZ, JR.. In accordance with §30.014(a) of the Texas Civil Practice and Remedies Code, Plaintiff provides the following identification information: the last three numbers of her Texas Driver's License number are 271 and the last three numbers of her Social Security Number are 193.

4.      Defendant, THE GEO GROUP, INC. is a Foreign For-Profit Corporation with its principal office in Boca Raton, Florida. This Defendant may be served with process in this case by serving its Registered Agent, Corporate Creations Network, Inc. 4265 San Felipe 31100, Houston, Texas 77027, in person or by sending a copy of the citation and petition by registered or certified mail, return receipt requested, with delivery restricted to the addressee only, pursuant to Texas Rule of Civil Procedure 106(a)(2).

5.      Defendant JANE DOE 1 is a person who is employed by Defendant, THE GEO GROUP, INC. at its Central Texas Detention Facility located at 218 South Laredo Street, San Antonio, Texas 78207-4532. JANE DOE 1's name, identity and address are currently unknown.

### III.      Jurisdiction and Venue

6.      This Court has jurisdiction over this matter pursuant to Article V, Section 8 of the Texas Constitution and Section 24.007 of the Texas Government Code. As discussed in more detail below, the damages sustained by plaintiffs greatly exceed the minimum jurisdictional limits of this Court.

7.      Venue is appropriate in Bexar County pursuant to Section 15.002(a)(I) and

15.002(a)(2) of the Texas Civil Practice and Remedies Code in that all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas. In addition, at the time the cause of action accrued, ALBERT MARTIN GOMEZ, JR., deceased resided in Bexar County, Texas.

8.      Because Plaintiffs have established proper venue in Bexar County as to Defendant JANE DOE 1, venue is proper in this County as to Defendant THE GEO GROUP, INC. pursuant to section 15.005 of the Texas Civil Practice and Remedies Code.

IV.      <u>Facts</u>

9.      On May 19, 2010, Albert Gomez, Jr. was incarcerated at the GEO GROUP, INC. ("**GEO**") Central Texas Detention Facility, for a non-violent, non-drug related alleged offense -- counterfeiting.

10.     While in the custody of the GEO and while being held in a segregation cell where his access to the general prisoner population was restricted, Albert Gomez, Jr. died, allegedly of a heroin and/or other illegal narcotic overdose.

11.     On information and belief, heroin and/or other illegal narcotics were provided and/or administered to Albert Gomez, Jr. by a guard and employee of the GEO.

12.     On information and belief, GEO guards and employees participate in the illegal black market sale of drugs.

13.     Albert Gomez, Jr. was found unconscious and unresponsive in his cell on the morning of May 19, 2010.

14.     Albert Gomez, Jr. was transported to CHRISTUS Santa Rosa Hospital-City Centre where he died.

15.     On information and belief, GEO employees are not properly or adequately trained

to administer first aid to narcotic overdose victims, despite the GEO's knowledge that dangerous illegal narcotics are sold, administered and available to inmates at the GEO facility from GEO guards and/or employees. This negligent training directly caused Albert Gomez, Jr.'s death.

16.     On information and belief, GEO employees are not properly or adequately supervised – this negligent supervision allows GEO guards and employees to participate in the illegal black market sale of drugs to prisoners. This negligent supervision directly caused Albert Gomez, Jr.'s death.

17.     Because of the negligent and inadequate training and supervision of GEO employees and guards, Albert Gomez, Jr. was not transported to a hospital, or given adequate first aid and/or medical attention in a timely manner that would have saved his life – as a direct result, he died.

18.     GEO has not established or enforced adequate policies, procedures or training programs to its guards and employees for them to recognize a drug overdose case and correctly render aid – despite the knowledge that illegal narcotics are available in the Central Texas Detention Facility and from guards and employees.

19.     On information and belief, GEO has hired unfit persons as guards and/or employees and failed to adequately investigate the persons it hires.

V.     Causes of Action

Count 1 – Survival Action

20.     Plaintiffs incorporate by reference all of the allegations in each of the paragraphs above, as if fully set forth herein.

21.     In addition to other counts, before dying, Albert Martin Gomez, Jr. had causes of action for personal injury, negligence, and gross negligence (all discussed further below).

22.     Plaintiffs are entitled to damages for Albert Gomez, Jr.'s pain and suffering, mental anguish and funeral expenses.

23.     **Exemplary damages.** Plaintiffs' injuries resulted from Defendants' gross negligence and/or intentional, willful conduct and/or omissions, which entitle Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.008(b).

## County 2 – Wrongful Death

24.     Plaintiffs incorporate by reference all of the allegations in each of the paragraphs above, as if fully set forth herein.

25.     Plaintiffs are the surviving parents of Albert Martin Gomez, Jr.

26.     Plaintiff Albert Gomez, Sr. is the Administrator of the Estate of Albert Martin Gomez, Jr.

27.     Albert Gomez, Jr. died as a result of Defendant's wrongful conduct described herein.

28.     Albert Gomez, Jr. would have been entitled to bring this action against Defendants if he had lived as described herein.

29.     Defendant's conduct that caused Albert Gomez, Jr.'s death was a producing cause of the injuries to Plaintiff.

30.     Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

31.     **Exemplary damages.** Albert Gomez, Jr.'s death resulted from Defendant's willful act or omission or from Defendant's gross negligence, which entitles decedent's spouse and the heirs to decedent's body to exemplary damages under Texas Constitution article 16, section 26.

Count 3 – Negligence

32.    Plaintiffs incorporate by reference all of the allegations in each of the paragraphs above, as if fully set forth herein

33.    The GEO failed to use ordinary care, that is, failed to do that which a person/company of ordinary prudence would have done in the operation of a prison facility under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

34.    The GEO has the recognized legal duty to provide safe, sanitary, and drug-free prisons.

35.    Specifically, the Defendants breached their duties of care in the following ways:

a.    Defendants and GEO employees and/or guards knowingly and intentionally provided and/or administered heroin and/or other dangerous illegal narcotics to Albert Gomez, Jr., a prisoner in the care and custody of the GEO, its guards and employees;

b.    The GEO failed to adequately supervise its guards and/or employees, despite knowing that its guards and/or employees were and/or have been involved in the black-market sale and distribution of inherently dangerous and illegal narcotics in its prisons and specifically, the Central Texas Detention Facility;

c.    The GEO failed to adequately train its guards and/or employees to recognize, respond, react and administer first-aid to prisoners that have overdosed or experienced medical emergencies as a result of the consumption of illegal and dangerous narcotics;

d.    GEO guards and/or employees knew or should have known that a medical emergency would occur or was likely as a result of their providing and/or administering illegal and dangerous narcotics to Albert Gomez, Jr. while he was in their custody;

e.    GEO guards and/or employees responded negligently to the medical emergency experienced by Albert Gomez, Jr. as a result of his consumption of illegal and dangerous narcotics;

f.    GEO hire persons who are wholly unfit, unqualified and

inappropriate to act as guards in a Federal prison facility.

36.     Defendants' breaches of their duties proximately caused Albert Gomez, Jr.'s wrongful death and injuries to Plaintiffs, which resulted in the following damages:

a.     Loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that the Defendants would have received from Albert Gomez, Jr. had he lived, including past and future pecuniary losses;

b.     Loss of companionship and society and for mental anguish.

37.     Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

38.     **Exemplary damages**. Plaintiffs' injuries resulted from Defendants' gross negligence and/or intentional, willful conduct and/or omissions, which entitle Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

39.     The GEO acted with malice in the hiring of unfit guards and/or employees which entitle Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.005(b)(1).

40.     The GEO failed to make reasonable efforts to prevent the criminal offenses of its employees.

### Count 4 – Negligence Per Se

41.     Plaintiffs incorporate by reference all of the allegations in each of the paragraphs above, as if fully set forth herein

42.     In addition to other counts, Defendants' negligence described in Count 3 violated Texas State and Federal penal statutes prohibiting the sale and distribution of heroin and other narcotics, the possession of heroin and/or other narcotics, the sale and possession of heroin and other narcotics in a prison, and conspiracy to sell heroin and/or other narcotics, and other statutes.

43.     Defendants' breach of the duties imposed by Texas State and Federal drug laws and laws prohibiting the sale and distribution of illegal drugs proximately caused Albert Gomez, Jr.'s wrongful death, which resulted in the following damages to Plaintiffs:

44.     Defendants' breaches of their duties proximately caused Albert Gomez, Jr.'s wrongful death and injuries to Plaintiffs, which resulted in the following damages:

      a.     Loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that the Defendants would have received from Albert Gomez, Jr. had he lived, including past and future pecuniary losses;

      b.     Loss of companionship and society and for mental anguish.

45.     Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

46.     **Exemplary damages**. Plaintiffs' injuries resulted from Defendants' gross negligence and/or intentional, willful conduct and/or omissions, which entitle Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## VI.     Jury Demand

47.     Plaintiffs demand a jury trial and tenders the appropriate fee with this petition.

## VII.     Request for Disclosure

48.     Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## VIII.     Prayer

49.     For these reasons, Plaintiffs ask that the Court issue citation for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against Defendants for the following:

      a.     Actual damages, including, but not limited to:

1.  Loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that the Defendants would have received from Albert Gomez, Jr. had he lived, including past and future pecuniary losses;

2.  Loss of companionship and society and for mental anguish;

3.  Damages for Albert Gomez, Jr.'s personal injuries, and Defendants' negligence, and gross negligence;

4.  Damages for Albert Gomez, Jr.'s pain and suffering, mental anguish and funeral expenses;

b.  Exemplary damages;

c.  Prejudgment and post judgment interest;

d.  Court costs;

e.  All other relief to which Plaintiffs are entitled, whether in equity or in law.

Respectfully submitted,

BY:   /s/ Matthew F. Wymer
        Matthew F. Wymer
        State Bar No. 24005234
        **Law Office of Matthew F. Wymer, PLLC**
        115 W. El Prado Drive, Suite 5
        San Antonio, Texas 78212
        Telephone:  (210) 852-2121
        Facsimile:  (866) 511-5460
        Email:  mwymer@wymerlaw.com

        Joel Perez,
        State Bar No. 15776625
        **Joel Perez, Attorney at Law**
        206 East Locust Street
        San Antonio, Texas 78212
        Telephone:  (210) 222-1888
        Facsimile:  (210) 212-2178
        Email:  joel@joelperezlaw.com

        COUNSEL FOR PLAINTIFFS

No. 2011-CI-02116

| | | |
|---|---|---|
| ALBERT MARTIN GOMEZ, SR., | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS THE | § | |
| ADMINISTRATOR OF THE ESTATE | § | |
| OF ALBERT GOMEZ, JR., AND | § | |
| SANDRA GOMEZ, | § | |
|    *Plaintiffs* | § | |
| | § | |
| V. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| THE GEO GROUP, INC., and JANE | § | |
| DOE 1, | § | |
|    *Defendants* | § | BEXAR COUNTY, TEXAS |

## THE GEO GROUP, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES THE GEO GROUP, INC. (GEO herein) and files this *Original Answer* and in support thereof would show as follows.

1.　GEO generally denies each and every allegation set forth in Plaintiffs' Original Petition except as specifically admitted herein.

2.　The allegations in Paragraph 1 of *Plaintiffs' Original Petition* pertain to matters of procedure in the courts of the State of Texas and therefore neither admission nor denial is required.

3.　GEO is without knowledge or information sufficient to form a belief as to the truth of the factual averments in Paragraphs 2 - 3 of *Plaintiffs' Original Petition.*

4.　GEO admits the allegations in Paragraph 4 of Plaintiff's Original Petition.

5.　GEO is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 of *Plaintiffs' Original Petition.*

6.     The allegations in Paragraph 6 of *Plaintiffs' Original Petition* pertain to matters of jurisdiction.   GEO admits that jurisdiction is proper in this Court but denies that this Court has exclusive jurisdiction, denies that other courts lack superior jurisdiction, and asserts its right to remove the case to the federal forum.

7.     GEO admits the allegations in Paragraph 7 of *Plaintiffs' Original Petition*.

8.     GEO denies Plaintiffs' allegations in Paragraph 8 of their *Plaintiffs' Original Petition*.

9.     GEO admits Albert Gomez, Jr. (decedent herein) was incarcerated in the Central Texas Detention Facility on a non-drug-related federal felony conviction, but is without knowledge or information sufficient to form a belief as to the truth of the balance of allegations in Paragraph 9 of *Plaintiffs' Original Petition*.

10.    GEO admits the allegations in Paragraph 10 of *Plaintiffs' Original Petition*.

11.    GEO denies the allegations in Paragraphs 11 and 12 of *Plaintiffs' Original Petition*.

12.    GEO admits the allegations in Paragraphs 13 and 14 of *Plaintiffs' Original Petition*.

13.    GEO denies the allegations in Paragraphs 15-19 of *Plaintiffs' Original Petition*.

14.    Paragraphs 20, 24, 32, and 41 of *Plaintiffs' Original Petition* incorporate allegations made by Plaintiffs in other, numbered paragraphs.   In a corresponding manner, GEO adopts each admission and/or denial of the Plaintiffs' specific pleading allegations which are or may be incorporated by Plaintiffs in those paragraphs.

15.    GEO denies the allegations in Paragraphs 21 - 23 of *Plaintiffs' Original Petition*.

16.    GEO is without knowledge or information sufficient to form a belief as to the truth of the factual averments in Paragraph 25 and 26 of *Plaintiffs' Original Petition*.

17.    GEO denies the allegations in Paragraphs 27 – 29, and 31 of *Plaintiffs' Original Petition*.

18.    The statements in Paragraphs 30, 37, 45 and 49 of *Plaintiffs' Original Petition* merely state the damages sought by Plaintiffs and require no responsive pleading by the Defendant. GEO denies Plaintiffs are entitled to damages.

19.    GEO denies the allegations in Paragraphs 33 - 36, and 38 – 40 of *Plaintiffs' Original Petition*.

20.    GEO denies the allegations in Paragraphs 42 – 44, and 46 of *Plaintiffs' Original Petition*.

21.    The allegations in Paragraphs 47 - 48 of *Plaintiffs' Original Petition* pertain to matters of procedure in the courts of the State of Texas and therefore neither admission nor denial is required.

22.    GEO denies Plaintiffs are entitled to an award of any damages as set forth in the PRAYER of their *Plaintiffs' Original Petition*, denies all facts alleged therein, as those facts may pertain to GEO, and otherwise avoids response to the matters pleaded therein as permitted by Fed. R. Civ. P. 8(d).

23.    By making allegations against "Defendants" non-specifically throughout *Plaintiffs' Original Petition*, Plaintiffs fail to provide GEO fair notice of the claims against it.

24.    GEO demands strict proof of the matters alleged in Paragraphs 2 and 3 of *Plaintiffs' Original Petition*, including allegations of the existence and party-status of statutory heirs and the Plaintiffs' (or some of them) authority and capacity to represent the decedent's estate.

25.    GEO avers that decedent is in whole or part responsible for any damages suffered by himself or any Plaintiff, and GEO therefore specifically prays that the trier of fact apportion decedent's responsibility along with and among the persons allegedly responsible for damages to Plaintiffs.

26.    The actions by the decedent solely caused any damages to the decedent and the Plaintiffs.  GEO therefore invokes the affirmative defense set forth in Tex. Civ. Prac. & Rem. Code § 93.001(a)(2).

27.    GEO avers that punitive damages, if any, are constitutionally barred as to the parents of the decedent and are otherwise subject to limitations imposed by Tex. Civ. Prac. & Rem. Code Ch. 41.

28.    GEO avers that damages, if any, for loss of earnings, earning capacity, contributions of a pecuniary value, inheritance, and similar injuries are subject to Tex. Civ. Prac. & Rem. Code § 18.091.

29.    GEO avers that damages, if any, for medical and/or health care expenses are subject to Tex. Civ. Prac. & Rem. Code § 41.0105.

30.    As to any state-law claim asserted by Plaintiffs, GEO avers in the alternative that it was performing a governmental function at the time of the events made the basis of suit and is therefore entitled to governmental immunity, subject only to the waiver of liability

GEO's Original Answer
*Gomez, et al. v. The GEO Group, Inc.*
Page 4

(and damage limitations) set forth in Chapter 101 of the Texas Civil Practice & Remedies Code and asserts its entitlement to rely on the defense of official immunity of any of its employees.

31.     GEO denies *respondeat superior* liability.

WHEREFORE, PREMISES CONSIDERED, Defendant THE GEO GROUP, INC. prays that Plaintiffs take nothing by way of this suit and that Defendant go hence and recover its costs in defense of this cause, and for such further relief, at law or in equity, to which these Defendant may show itself to be justly entitled.

Respectfully submitted,

Shawn Fitzpatrick
SBN 00787474
FITZPATRICK & KOSANOVICH, P.C.
PO Box 831121
San Antonio, Texas  78283-1121
(210) 408-6793
(210) 408-6797 facsimile

CERTIFICATE OF SERVICE

I certify that this instrument was served upon the following person(s) via Certified First Class United States Mail, Return Receipt Requested, on this the 11th day of March, 2011:

Matthew F. Wymer
Law Office of Matthew F. Wymer, PLLC
115 W. El Prado Dr., Ste. 5
San Antonio, Texas  78212
*CMRRR 70993220000045688467*

Joel Perez
206 East Locust Street
San Antonio, Texas  78212

SHAWN FITZPATRICK